1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Bruno Arthur Lopez,                  )    No. CV 07-1192-PHX-JAT
                                          )
10                Petitioner,             )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12                                        )
     Warden Bock, et al.,                 )
13                                        )
                  Respondent.             )
14                                        )
                                          )
15   _____

16        Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus

17   ("Petition"), which was filed on June 18, 2007. (Doc. # 1.) On January 18, 2008, Magistrate

18   Judge Aspey issued a Report and Recommendation ("R&R") in which he recommended that

19   the Petition be denied and dismissed as untimely filed. (Doc. # 17.) On February 4, 2008,

20   Petitioner filed a Notice of Objection to the R&R. (Doc. # 18.)

21        **I.    STANDARD OF REVIEW**

22        This Court "may accept, reject, or modify, in whole or in part, the findings or

23   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the

24   district judge must review the magistrate judge's findings and recommendations *de novo if*

25   *objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

26   (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219,

27   1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of

28   factual and legal issues is required if objections are made, 'but not otherwise.'"). District

1  courts are not required to conduct "any review at all . . . *of any issue* that is not the subject

2  of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added). The Petitioner

3  has filed a Notice of Objection (Doc. # 18), and the Court reviews *de novo* the portions of

4  the R&R to which objections were filed. *See* 28 U.S.C. § 636(b)(1).

5       **II.     FACTUAL AND PROCEDURAL BACKGROUND**

6           The R&R sets forth the background of this case, to which neither party objected, so

7  the Court adopts it as an accurate recital. (Doc. # 17.) In brief, Petitioner was convicted of

8  six counts of sexual conduct with a minor under the age of fifteen in June of 1989. The

9  Arizona Court of Appeals affirmed Petitioner's convictions and sentences on July 2, 1991.

10 Petitioner sought review by the Arizona Supreme Court, which denied review on January 21,

11 1992. Petitioner did not seek a writ of certiorari from the United States Supreme Court.

12 Petitioner timely filed his first action seeking post-conviction relief in state court on March

13 22, 2004.

14      **III.    DISCUSSION**

15           **A.      STATUTE OF LIMITATIONS**

16          In the R&R, Magistrate Judge Aspey recommends that the Petition be denied and

17 dismissed as untimely filed. Because the Petition was filed in 2008, it is governed by the

18 statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act

19 ("AEDPA"), 28 U.S.C. § 2244(d), which provides:

20       (1) A 1-year period of limitation shall apply to an application for a writ of
         habeas corpus by a person in custody pursuant to the judgment of a State court.
21       The limitation period shall run from the latest of--

22           (A) the date on which the judgment became final by the conclusion of
             direct review or the expiration of the time for seeking such review;
23
             (B) the date on which the impediment to filing an application created
24           by State action in violation of the Constitution or laws of the United
             States is removed, if the applicant was prevented from filing by such
25           State action;

26           (C) the date on which the constitutional right asserted was initially
             recognized by the Supreme Court, if the right has been newly
27           recognized by the Supreme Court and made retroactively applicable to
             cases on collateral review; or
28

1

2

3        (D) the date on which the factual predicate of the claim or claims
         presented could have been discovered through the exercise of due
         diligence.

4        (2) The time during which a properly filed application for State post-
         conviction or other collateral review with respect to the pertinent judgment or
         claim is pending shall not be counted toward any period of limitation under
5        this subsection.

6   For purposes of § 2244(d)(1)(A), Petitioner's conviction became final on April 20, 1992,

7   ninety days after the Arizona Supreme Court denied review of Petitioner's convictions and

8   sentences, when the time expired for seeking certiorari regarding his convictions and

9   sentences from the United States Supreme Court.[1] *Bowen v. Roe*, 188 F.3d 1157, 1158-59

10  (9th Cir. 1999) ("We hold that the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A)

11  includes the period within which a petitioner can file a petition for a writ of certiorari from

12  the United States Supreme Court, whether or not the petitioner actually files such a petition.

13  Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme

14  Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day

15  period defined by Supreme Court Rule 13 expires."). Since Petitioner's conviction was

16  finalized prior to the AEDPA's effective date of April 24, 1996, the one-year grace period

17  is applied and Petitioner's limitations period expired on April 24, 1997, assuming the absence

18  of statutory tolling. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

19      The one-year statute of limitations is tolled during the time that a "properly filed

20  application for State post-conviction or other collateral review with respect to the pertinent

21  judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Artuz v. Bennett*, 531 U.S.

22  4, 6 (2000). An application for collateral review is pending during all of the time in which

23  a state prisoner is "attempting, through proper use of state court procedures, to exhaust state

24  remedies . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

25

26

27      [1] Arizona Supreme Court denied review on January 21, 1992. (Doc # 11, Ex. D.) R&R
    states that Petitioner's conviction became final on or about April 20, 1992. Petitioner does
28  not dispute this in his Objection to the R&R.

1    Petitioner had no actions that could toll the limitations period pending in state court

2    during the AEDPA grace period. Further, Petitioner did not file this Petition during the

3    AEDPA grace period. While Petitioner did file an action in state court for post-conviction

4    relief on March 22, 2004, the limitations period had already run at the time of that filing. A

5    limitations period cannot be restarted by the filing of a state court action that would have

6    tolled that limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

7    (citing *Tinker v. Moore*, 255 F.3d 1331 (11th Cir. 2001)) (holding that "section 2244(d) does

8    not permit the reinitiation of the limitations period that has ended before the state petition

9    was filed."). Therefore, the Petition filed on June 18, 2007 is more than ten years untimely

10   and not subject to statutory tolling.

11                          **B.    EQUITABLE TOLLING**

12   The R&R also recommends that equitable tolling be denied. It applies the Supreme

13   Court's recent decision in *Bowles v. Russell*, 127 S. Ct. 2360 (2007), to the AEDPA's statute

14   of limitations and concludes § 2254 petitioners are not entitled to equitable tolling. (Doc. #

15   17, at 7.) *Bowles* states that time limits enacted by Congress are jurisdictional and that federal

16   courts have no authority to create equitable exceptions to jurisdictional requirements. 127 S.

17   Ct. at 2366. This Court disagrees with the R&R's conclusion that equitable tolling is

18   therefore not available. Prior to *Bowles*, the Supreme Court assumed, without deciding, that

19   equitable tolling is available under 28 U.S.C. § 2244(d). *See Lawrence v. Florida*, 127 S. Ct.

20   1079, 1085 (2007). Further, the Ninth Circuit has continued to apply equitable tolling to the

21   AEDPA's statute of limitations post-*Bowles*. *Harris v. Carter*, 515 F.3d 1051 (9th Cir. 2008);

22   *accord Coker v. Quarterman*, No. 05-10020, 2008 WL 724042, at *5 n.1 (5th Cir. Mar. 17,

23   2008) (expressly holding that equitable tolling of AEDPA's statute of limitations survives

24   *Bowles*); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (same). Accordingly, this Court will

25   allow Petitioner the potential for equitable tolling.

26   For Petitioner to be entitled to equitable tolling, he must show "'(1) that he has been

27   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'

28   and prevented timely filing." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544

U.S. 408, 418 (2005)). First, Petitioner claims that his lack of access to legal assistance constitutes an extraordinary circumstance that prohibited him from filing his writ of habeas corpus in a timely manner. Petitioner's lack of familiarity with the law and lack of legal assistance do not toll the limitations period. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). The Supreme Court has held that there is no right to legal assistant in seeking any type of post-conviction relief, and, as a result, lack of legal assistance in seeking post-conviction relief cannot form the basis for equitable tolling. *Lawrence*, 127 S. Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

Second, Petitioner claims the removal of state and federal case law prohibited him from timely filing. The Court notes that in some cases inadequate legal materials can be an "impediment" that justifies late filing, or can form the basis of equitable tolling. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (*en banc*). However, Petitioner alleges only that case law was removed, not statutory materials, so the AEDPA was likely available to him. Additionally, Petitioner fails to allege diligence in pursing his rights. Nothing in his objection indicates what steps, if any, he took in attempting to timely pursue habeas relief. Further, considering this Court's finding regarding statutory tolling, Petitioner would need more than ten years of equitable tolling in order for his Petition to be timely. Petitioner alleges his access to legal assistance and materials was taken away at some point, but fails to allege a specific timeline in order to establish equitable tolling.

In some cases, specific factual allegations can necessitate an evidentiary hearing to determine if available legal materials were insufficient and when Petitioner's access to said materials was denied. "A habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good faith *allegation that would, if true*, entitle him to equitable tolling.' *Laws v. Lamarque*, 351 F.3d 919, 919 (9th Cir. 2003) (emphasis added)." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006); *see also Allen v. Lewis*, 255 F.3d 798, 800-01 (9th Cir. 2001) (holding that Petitioner "must show that the extraordinary circumstances were the but-for and proximate cause of his untimeliness"). Petitioner makes no allegations, which, if true, would

1   entitle him to relief. Further, Petitioner did not request an evidentiary hearing. Accordingly,
2   this Court finds no hearing is necessary in this case.

3   **III.    CONCLUSION**

4   Based on the foregoing,

5   **IT IS ORDERED** that the Court overrules Petitioner's objections (Doc. # 18) and
6   accepts in part and modifies in part the Report and Recommendation (Doc. # 17) as indicated
7   above;

8   **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. #
9   1) is denied, terminating this case; and the Clerk of the Court shall enter judgment
10  accordingly.

11  DATED this 23rd day of June, 2008.

James A. Teilborg
United States District Judge

- 6 -